E-FILED
Friday, 09 September, 2005  05:12:55 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| KEVIN DOWNEY,<br><br>    Plaintiff,<br><br>v.<br><br>SANDI IVEMEYER, JONI STAHLMAN, PAM JURKOSHEK, ROGER WALKER, JR., SALVADOR GODINEZ, DENNIS COOPER, RANDALL TAYLOR, and MICHAEL RUMMAN,<br><br>    Defendants. | No.:<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Now comes Plaintiff, Kevin Downey, by John E. Kerley of Kerley & Associates, P.C., and for his Complaint against Defendants, Sandi Ivemeyer, Joni Stahlman, Pam Jurkoshek, Roger Walker, Jr., Salvador Godinez, Dennis Cooper, Randall Taylor, and Michael Rumman, states as follows:

**JURISDICTION**

1.   This cause arises under 42 U.S.C. 1983, 1988 and jurisdiction of this Court arises under 28 U.S.C. 1343 and 28 U.S.C. 1367(a).

**PARTIES**

2.   Plaintiff Kevin Downey is an adult male who at all times relevant was and is a resident of the State of Illinois.

3.   Defendant Sandi Ivemeyer is an adult female resident of the State of Illinois, and at all times relevant hereto was

employed by School District 428 of the Illinois Department of Corrections. She is sued in her official capacity for the matters concerning injunctive and declaratory relief and is sued in her individual capacity for matters concerning compensatory damages in this cause.

4. Defendant Joni Stahlman is an adult female resident of the State of Illinois, and at all relevant times hereto was the Manager of Employee Services for the Illinois Department of Corrections. She is sued in her official capacity for the matters concerning injunctive and declaratory relief and is sued in her individual capacity for matters concerning compensatory damages in this cause.

5. Defendant Pam Jurkoshek is an adult female resident of the State of Illinois, and at all relevant times hereto was the Coordinator of Macon Corrections Special Education ("MCSED"). She is sued in her official capacity for the matters concerning injunctive and declaratory relief and is sued in her individual capacity for matters concerning compensatory damages in this cause.

6. Defendant Roger Walker, Jr. is an adult male resident of the State of Illinois, and at all times relevant hereto was the Director of the Illinois Department of Corrections. He is sued in his official capacity for the matters concerning injunctive and declaratory relief and is sued in his individual capacity for matters concerning compensatory damages in this cause.

7.    Defendant Salvador Godinez is an adult male resident of the State of Illinois, and at all relevant times hereto was the Chief of Staff of the Illinois Department of Corrections. He is sued in his official capacity for the matters concerning injunctive and declaratory relief and is sued in his individual capacity for matters concerning compensatory damages in this cause.

8.    Defendant Dennis Cooper is an adult male resident of the State of Illinois, and at all times relevant hereto was the Chief of Community Outreach of the Illinois Department of Corrections. He is sued in his official capacity for the matters concerning injunctive and declaratory relief and is sued in his individual capacity for matters concerning compensatory damages in this cause.

9.    Defendant Randall Taylor is an adult male resident of the State of Illinois, and at all times relevant hereto was the Superintendent of School District 428 of the Illinois Department of Corrections. He is sued in his official capacity for the matters concerning injunctive and declaratory relief and is sued in his individual capacity for matters concerning compensatory damages in this cause.

10.   Defendant Michael Rumman is an adult male resident of the State of Illinois, and at all times relevant hereto was the Director of the Illinois Department of Central Management Services. He is sued in his official capacity for the matters concerning injunctive and declaratory relief and is sued in his individual

capacity for matters concerning compensatory damages in this cause.

## STATEMENT OF FACTS

11. All of the actions complained of with regard to the Defendants herein were committed while they were acting under color of state law.

12. Plaintiff filed a complaint in the United States for the Central District of Illinois, Springfield Division, on January 3, 2005 alleging that his civil rights were violated with regard to his termination of employment with Macon Corrections Special Education ("MCSED"). The case number is 05-3001. The Defendants in that suit are Charles Shonkwiler, Pam Jurkoshek, Roberta Fews, and the Macon-Piatt Regional Office of Education. In that suit Plaintiff alleges that his federal civil rights were violated, that there was a breach of contract with respect to his employment, and that the Defendants tortiously interfered with his contractual rights.

13. Subsequent to Plaintiff's termination from MCSED the Illinois Department of Corrections posted a job opening for a paralegal position at the Stateville Prison in Joliet, Illinois.

14. Plaintiff applied for the paralegal position at the Stateville Prison and subsequently participated in a "Rutan" interview for the position.

15. Plaintiff's scoring on the "Rutan" test was near or at double any other candidates for the job.

16. Plaintiff fulfilled his requirement to pass a drug test for the paralegal position at Stateville.

17. After Plaintiff Kevin Downey filed the aforementioned cause number 05-3001 he was notified that he would not be eligible for the paralegal position at Stateville Prison or any other Department of Corrections facility due to one or more negative employment references and/or an unsatisfactory pre-employment investigation that the Defendants knew to be erroneous and/or untrue. In fact, the Defendants knew that Plaintiff had not been disciplined in his prior employment and that no formal allegations of misconduct had ever occurred.

18. Plaintiff, at all times relevant hereto, was entitled to the veteran preference in hiring for the paralegal position as set forth in 20 ILCS 415/8 b.7. Paragraph(f) thereof provides veterans an absolute hiring preference over non-veterans.

19. In order to avoid hiring Plaintiff for the Stateville paralegal position or any other paralegal position the Defendants intentionally and knowingly used the pretext of negative employment references and/or unsatisfactory pre-employment investigation to deny Plaintiff his constitutional rights and veterans preference in order to keep from hiring Plaintiff.

### PLAINTIFF'S CLAIMS

### COUNT I

Plaintiff incorporates paragraphs 1-19 of Count I as if fully

set forth herein at this point.

20. There is nothing in the job duties of the paralegal position with the Illinois Department of Corrections that made or makes political considerations a requisite for the position.

21. At all times relevant hereto Plaintiff had the right to freedom of association as guaranteed him by the First Amendment to the United States Constitution as applied to the states through the Fourteenth Amendment.

22. The Defendants failure to hire Plaintiff for the position of paralegal and removal of Plaintiff from the list of eligible hires for the paralegal position on a political basis violated Plaintiff's rights as guaranteed him by the First Amendment to the United States Constitution.

23. As a result of the failure to hire Plaintiff and the removal from the eligibility list for the paralegal position Plaintiff has suffered loss of wages and other fringe benefits in an amount of not less than Three Thousand Three Hundred Thirty-seven Dollars and Seventy-five Cents ($3,337.75) per month; he has also suffered stress, tension, humiliation, injury to reputation, interference with future earning capacity, and the inability to pursue his chosen career, wherefore, Plaintiff is entitled to damages in an amount of over Five Hundred Thousand Dollars ($500,000.00).

24. The failure to place Plaintiff in the paralegal position

and removal of him from the eligibility list for a paralegal position was done in knowing violation of Plaintiff's rights as protected by the First and Fourteenth Amendments to the United States Constitution or with reckless disregard of said rights, wherefore, Plaintiff is entitled to punitive damages in an amount of Five Hundred Thousand Dollars ($500,000.00).

25.  This Court should enter an injunction requiring Defendants to place Plaintiff in a paralegal position with the Illinois Department of Corrections and place him back on the eligibility list.

WHEREFORE, Plaintiff, Kevin Downey, respectfully prays that this Court will grant him compensatory and punitive damages against all Defendants in an amount of not less than One Million Dollars ($1,000,000.00) plus reasonable attorneys fees and costs incurred in this cause, and for such other relief as this Court deems just. Further, Plaintiff prays for injunctive relief against the Defendants in the form of an Order placing Plaintiff in the position of paralegal at the Stateville Prison or other suitable facility and from taking any further action in retaliation for the Plaintiff's protection of his civil rights in this cause.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL CLAIMS.**

**COUNT II**

Plaintiff incorporates paragraphs 1-19 of Count I as if fully set forth herein at this point.

26. According to 20 ILCS 415/8b.5 positions such as that of paralegal are to be filled from those among the three (3) highest on the appropriate eligible list to fill a vacancy or from the highest ranking group if the list is by rankings instead of numerical rankings.

27. Pursuant to the terms of 20 ILCS 415/8b.7 veterans such as plaintiff are to be given absolute preferential treatment in filling positions.

28. Under 20 ILCS 415/8(b)4 candidates eligible for a position cannot be rejected unless they "fail to comply with reasonable previously specified job requirements of the Director in regard to such factors as age, physical and psychological condition, training and experience; who have been guilty of infamous or disgraceful conduct; who are addicted to alcohol to excess or to controlled substances or uses cannabis; or who have attempted any deception or fraud in connection with an examination." Under the provisions of this section Plaintiff should not have been rejected as a candidate or eligible for a paralegal position.

29. Defendants failure to comply with 20 ILCS 415/8b.5, 20 ILCS 415/8b.4 and 20 ILCS 415/8b.7 and his removal from the eligibility list were a breach of Plaintiff's fundamental rights as guaranteed by the United States Constitution's Fourteenth Amendment Due Process Clause as guaranteed by the Civil Rights Act of 1871,

42 U.S.C. Section 1983.

30. As a result, Plaintiff was deprived of liberty and property without due process. As a further result, Plaintiff has suffered loss of wages and other fringe benefits in an amount not less than Three Thousand Three Hundred Thirty-Seven Dollars and Seventy-five Cents ($3,337.75) per month; he has also suffered stress, tension, humiliation, injury to reputation, interference with future earning capacity and the inability to pursue his chosen career. Wherefore, Plaintiff is entitled to damages in an amount of over Five Hundred Thousand Dollars ($500,000.00).

31. The Defendants failure to place Plaintiff in the paralegal position and denial of his right to due process was done in knowing violation of Plaintiff's rights as protected by the Fourteenth Amendment to the United States Constitution and the Civil Rights Act of 1871 or with reckless disregard of said rights. As a result, Plaintiff is entitled to punitive damages in the amount of Five Hundred Thousand Dollars ($500,000.00).

32. This Court should enter an injunction requiring Defendants to place Plaintiff in the paralegal position with the Illinois Department of Corrections and place him back on the eligibility list.

WHEREFORE, Plaintiff, Kevin Downey, respectfully prays that this Court will grant him compensatory and punitive damages against all Defendants in an amount of not less than One Million Dollars

($1,000,000.00) plus reasonable attorneys fees and costs incurred in this cause, and for such other relief as this Court deems just. Further, Plaintiff prays for injunctive relief against the Defendants in the form of an Order placing Plaintiff in the position of paralegal at the Stateville Prison or other suitable facility and from taking any further action in retaliation for the Plaintiff's protection of his civil rights in this cause.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL CLAIMS.**

### COUNT III

Plaintiff incorporates paragraphs 1-19 of Count I as if fully set forth herein at this point.

33. All Defendants knew Plaintiff had a reasonable expectation of being placed in the position of paralegal with the Illinois Department of Corrections.

34. Defendants purposefully and in a conspired manner interfered with Plaintiff's placement as a paralegal and thereby prevented Plaintiff's placement in that position. Defendants did so by falsely and wrongfully stating that Plaintiff was being denied employment because of negative employment references when in fact Defendants knew the basis for such references were untrue and also in retaliation of Plaintiff's filing of case 05-3001.

35. As a direct result of Defendants' interference with Plaintiff's reasonable expectations Plaintiff has been damaged and suffered loss of wages and other fringe benefits in an amount not

10

less than Three Thousand Three Hundred Thirty-seven Dollars and Seventy-five Cents ($3,337.75) per month; he has also suffered stress, tension, humiliation, injury to reputation, interference with future earning capacity, and the inability to pursue his chosen career, wherefore, Plaintiff is entitled to damages in an amount of over Five Hundred Thousand Dollars ($500,000.00).

WHEREFORE, Plaintiff, Kevin Downey, respectively prays that this Court will grant him compensatory and punitive damages in amount not less than Five Hundred Thousand Dollars ($500,000.00) plus reasonable attorney fees and costs incurred in this cause against all Defendants.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL CLAIMS.**

                                          Kevin Downey, Plaintiff

                                          By:      /s/ John E. Kerley
                                                  John E. Kerley, his attorney

Kerley & Associates, P.C.
John E. Kerley
Reg. #06201458
2131 W. White Oaks Dr., Suite B-2
Springfield, Illinois 62704
Tele: (217) 698-0007
Fax:  (217) 726-0006