**E-FILED**
Friday, 09 December, 2005  04:21:45 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| KEVIN DOWNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No.  05-3243 |
| | ) | |
| SANDI IVEMEYER, JONI STAHLMAN, | ) | |
| PAM JURKOSHEK, ROGER WALKER, JR., | ) | |
| SALVADOR GODINEZ, DENNIS COOPER, | ) | |
| RANDALL TAYLOR, and MICHAEL RUMMAN, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS
COUNTS II AND III OF PLAINTIFF'S COMPLAINT**

NOW  COME  Defendants,  DENNIS  COOPER,   SALVADOR  GODINEZ,  SANDI

IVEMEYER,  MICHAEL  RUMMAN,  JONI  STAHLMAN,  RANDALL  TAYLOR,  and  ROGER

WALKER, JR., by and through their attorney, Lisa Madigan, Attorney General of the State of

Illinois, and in support of their Motion to Dismiss, it is stated:

**I.      INTRODUCTION**

Plaintiff's Complaint contains three counts.  In Count I, Plaintiff alleges that he was

denied the position of paralegal with the Illinois Department of Corrections because of his

political affiliation in violation of his 1st Amendment right to freedom of association.  Count II

concerns Plaintiff's alleged entitlement to the position of paralegal pursuant to state statute.

Plaintiff claims that Defendants' failure to award Plaintiff the position that he sought constitutes

a violation of his Due Process rights under the 14th Amendment.  In Count III, Plaintiff asserts

that Defendants interfered with his reasonable expectation of obtaining the paralegal position

by falsely stating that Plaintiff was denied employment because of a negative employment

1

reference.  Plaintiff further alleges that he was denied the position in retaliation for his filing of a federal lawsuit in January of 2005.

Counts II and Count III of Plaintiff's Complaint must be dismissed for the following reasons: (1) Plaintiff alleges only violations of state law by failure to comply with statutes; Plaintiff has an adequate state remedy via mandamus or administrative review; (2) he has failed to state a cause of action under Section1983 because certain of his claims do not constitute constitutional violations; and (3) he failed to state a cause of action for retaliation because his prior lawsuit against an employee of the Illinois Department of Corrections is not a matter of public concern.

## II.    STATEMENT OF FACTS

Defendants Ivemeyer, Stahlman, Walker, Godinez, Cooper, and Taylor were employees of the Illinois Department of Corrections, and Defendant Rumman was director of Central Management Services during the time period pertinent to Plaintiff's Complaint.  Plaintiff applied for a paralegal position with the Illinois Department of Corrections and did not receive said position.  Prior to application for this position, Plaintiff had been an employee of the Macon Corrections Special Education District [hereinafter MCSED].  Following the non-renewal of his contract with MCSED, he filed a lawsuit with this Court in January, 2005: Downey v. Shonkwiler, et al., Case No. 05-3001.  A copy of the Complaint filed in that case is attached hereto as an exhibit.

## III.    ARGUMENTS

### A.    Plaintiff has failed to state a cause of action for the violation of his Due Process rights because he has an adequate state remedy.

In order to state a claim for violation of the Fourteenth Amendment, a plaintiff must allege that he was deprived of a property or liberty interest. Board of Regents v. Roth, 408 U.S.

2

564 (1972); <u>Kentucky Department of Corrections v. Thompson</u>, 490 U.S. 454 (1989).  A property interest is created by "existing rules or understandings that stem from an independent source, such as state law – rules or understandings that secure certain benefits." <u>Id.</u> at 577.  A plaintiff claiming a deprivation of a property interest and a subsequent violation of his procedural or substantive due process rights, must then demonstrate that the state failed to provide adequate remedies. <u>Veterans Legal Defense Fund v. Schwartz</u>, 330 F.3d 937, 939 (7th Cir. 2003).

Plaintiff asserts that he is entitled to the paralegal position pursuant to three provisions of the Illinois Personnel Code. *See* 20 ILCS 415/8 et al.   First, Plaintiff alleges that because his score on the "'Rutan' test was near or at double any other candidates for the job," he is entitled to the position according to Section 8b.5. (Complaint, paragraph 15). Second, Plaintiff alleges that as a veteran, he has an absolute hiring preference over nonveterans pursuant to Section 8b.8.  Third, he claims that he should not have been removed from the list of eligible candidates because Section 8(b)4 of the Code mandates that only those persons who fail to comply with previously specified job requirements or who have been guilty of "infamous or disgraceful conduct, attempted deception or fraud in connection with an examination or are addicted to alcohol or use illegal substances" can be rejected.

The facts of this case are identical to those in <u>Veterans Legal Defense Fund v. Schwartz</u>, 330 F.3d 937 (7th Cir. 2003).  The <u>Schwartz</u> plaintiffs were both veterans who received the highest possible rankings for several jobs for which they applied. <u>Id.</u> at 939.  The jobs were not awarded to the <u>Schwartz</u> plaintiffs but to applicants who were not veterans.  <u>Id.</u> The plaintiffs filed suit alleging a violation of their due process rights.  <u>Id.</u>   The Seventh Circuit held that plaintiffs had an adequate post-deprivation state remedy under administrative review or mandamus.  The court specifically held that even if the hiring preference is a constitutionally

3

protected property interest, the adequate post-deprivation state remedy caused their claim for violation of their substantive and procedural due process rights to fail. Id. at 941.

Like the Schwartz plaintiffs, Plaintiff Downey has an adequate post-deprivation remedy. He alleges that the statute provides him with an absolute right to the paralegal position. According to the allegations in Plaintiff's Complaint, he may seek redress via a petition for mandamus. Mandamus is used to direct public officials or a public body to perform a duty which the petitioner has a clear right to have performed, and which is ministerial in nature. Orenic v. Illinois State Labor Relations Bd., 127 Ill.2d 453 (1989). Because Plaintiff has an adequate post-deprivation remedy, he has failed to establish a violation of his due process rights and Count II of his Complaint must be dismissed.

**B.      Plaintiff is asking this Court to order the State to comply with state law which would contravene the Eleventh Amendment and, is therefore barred by sovereign immunity.**

The Eleventh Amendment operates to prohibit suits against states in federal courts, unless the state has consented in unequivocal terms or Congress unequivocally has expressed its intent to abrogate the immunity. *See* Seminole Tribe v. Florida, 116 S.Ct. 1114, 1122-1123 (S.Ct. 1996); Hans v. Louisiana, 10 S.Ct. 504 (S.Ct. 1890). In Ex parte Young, 28 S.Ct. 441, 453-454 (S.Ct. 1908), the Supreme Court created an exception to the general prohibition on suits by citizens against states, allowing a citizen to sue a state official when that official's actions violate federal law. This exception under the Young decision permits relief against state officials only when there is an ongoing or threatened violation of federal law. *See* Seminole Tribe, 116 S.Ct. at 1132, Green v. Mansour, 106 S.Ct. 423, 428 (S.Ct. 1985); Watkins v. Blinzinger, 789 F.2nd 474, 484 (7th Cir. 1986), *certiorari denied*, 107 S.Ct. 1976.

4

The United States Supreme Court in the case of Pennhurst v. Halderman, 104 S.Ct. 900, 903 (S.Ct. 1984), addressed the question as to whether a federal court may award injunctive relief against state officials on the basis of state law.  In Pennhurst the court stated that decisions following Young repeatedly have emphasized that the Young doctrine rests on the need to promote the vindication of **federal** rights as opposed to state rights. Pennhurst, 104 S.Ct. at 910 (*emphasis added*).  The plaintiffs in  Pennhurst sought to have the court order various state officials at a mental health hospital to comply with the state's statutes in regards to mental health treatment. They alleged that the state officials were not applying or following the state law and sought an order from the federal court forcing them to do so. The Supreme Court found that they had no authority to enter an injunction ordering the state and its officials to comply with and follow its own law and therefore, the claim was barred by sovereign immunity. The Supreme Court noted that where the effect of the court ordered relief would in fact operate against the sovereign, as it would in this case, such suit against state officials is in fact a suit against a state and barred regardless of whether it seeks damages or injunctive relief. Pennhurst, 104 S.Ct. 908-909.

In effect, Plaintiff asks this Court to order Illinois to comply with state law.  While he alleges a violation of federal rights pursuant to the Fourteenth Amendment and/or of Section 1983, this suit is in fact a well-disguised request to have the federal court order state officials to comply with state law.  As such, Plaintiff's suit is barred by the Eleventh Amendment. Moreover, Plaintiff does not have an independent federal property right which exists in this case absent state statute.  Absent the statutes which he alleges provide him with an absolute entitlement to the paralegal position, he does not have a federal right to the job.  Thus, because

the relief granted by this Court would serve as an order from the federal court to the state court

to conform their conduct to state law,  Plaintiff's claims are barred by Pennhurst.

**C.    Plaintiff has failed to state a cause of action under Section 1983 because he failed to allege a violation of his constitutional rights.**

To state a valid action under 1983, a plaintiff must demonstrate that: (1) the defendants

deprived him of a right secured by the Constitution or any law of the United States; and (2) the

deprivation of that right resulted from the defendants acting under color of state law.  Fries v.

Helsper, 146 F.3d 452, 457 (7th Cir. 1998).  In addressing a 1983 action, the first act is to

isolate the precise constitutional violations of which defendants are charged.  *See* Baker v.

McCollan, 443 U.S. 137, 144 n.3 (1979).

In Count III of Plaintiff's Complaint, he alleges that defendants "falsely and wrongfully"

stated that Plaintiff was being denied employment because of negative employment references

in order to "interfere with his placement as a paralegal and thereby prevented Plaintiff's

placement in that position."  (Complaint, paragraph 34).  Plaintiff does not have a

constitutionally protected right protected by Section 1983 to be free from the behavior of which

he alleges Defendants are guilty.  At best, Plaintiff is again asserting a violation of his due

process rights.  As noted above, Plaintiff has an adequate state remedy and, thus, cannot state

a cause of action for a due process violation.

The remaining allegation is Count III concerns retaliation.  Plaintiff alleges that

Defendants prevented Plaintiff's placement in the paralegal position in retaliation for filing Case

No. 05-3001.  Plaintiff has not identified a constitutionally protected right that Defendants

violated by their alleged act of retaliating against him for filing a law suit.  If Plaintiff is claiming

that his act of filing the suit is a right that he has under the First Amendment, he cannot demonstrate that the content of his suit is constitutionally protected.

Claims of retaliation in violation of the First Amendment require a three-step analysis. The first step, and only step capable of being analyzed at this stage of the case, is the court's determination of the constitutionally protected nature of the speech at issue. Kokkinis v. Ivkovich, 185 F.3d 840 (7th Cir. 1999). The Court must first decide whether the plaintiff's speech addressed a matter of public concern. Connick v. Myers, 461 U.S. 138, 147-148 (1983). Speaking up about "a topic that may be deemed one of public importance does not automatically mean the employee's statements address a matter of public concern as that term is employed in Conick." Kokkinis, 185 F.3d at 844. The analysis must focus on the content, form and context of the speech. Id.  It is necessary to "look at the point of the speech in question: was it the [plaintiff's] point to bring wrongdoing to light?  Or to raise other issues of public concern, because they are of public concern?  Or was the point to further some purely private interest?" Callaway v. Hafeman, 832 F.2d 414, 417 (7th Cir. 1987) (*quoting* Linhart v. Glatfelter, 771 F.2d 1004, 1010 (7th C ir. 1985)).

An analysis of the claims contained in Case No. 05-3001 is necessary. All of the defendants named in 05-3001 are employees of Macon County Special Education District, except for Roberta Fews, who is an employee of the Illinois Department of Corrections. (Exhibit A). Plaintiff alleges in the complaint at issue that he was "terminated" from his position with the Macon County Special Education District because of his political affiliation. (Exhibit A). Plaintiff further alleges that defendants conspired to interfere with the renewal of his employment contract. As relief, he seeks compensatory and punitive damages and an injunction restoring him to his position. (Exhibit A).

7

It is important to note that Plaintiff is not seeking to correct or bring to light "a pervasive or systemic misconduct by a public agency or pubic official." *See* Yatvin v. Madison Metropolitan School District, 840 F.2d 412, 420 (7th Cir. 1988).   Rather, the content of his speech, in this case, his lawsuit, is a matter solely of private concern. *See* Anderer v. Jones, 385 F.3d 1043 (7th Cir. 2004).   Although not dispositive, motive is relevant to the inquiry regarding whether the speech is a matter of public concern. Id. at 1053 (*citing* Gustafson v. Jones, 290 F.3d 895, 908 (7th Cir. 2002).   Even if the speech is on a subject that would be of interest to the public, it "will not be protected if 'the expression addresses only the personal effect upon the employee.'" Id.  (*citing* Gustafson, 290 F.3d at 908, *quoting* Marshall v. Porter County Plan Commission, 32 F.3d 1215, 1219 (7th Cir. 1994)).

This case is factually similar to the facts of Seventh Circuit case, Anderer v. Jones, 385 F.3d 1043 (7th Cir. 2004).  Anderer was a police officer with the Milwaukee police Department.  He claimed that his arrest for battering an individual while performing his duties was without probable cause in violation of his rights under the Fourth Amendment.  He filed suit in federal district court alleging such.  He was subsequently terminated from his position with the police force.  He then amended his complaint to include a First Amendment retaliation claim.  The court held that Anderer's suit alleged no greater societal impact than his grievance about being arrested. Id.  Similarly, the allegations contained in Plaintiff's Case 05-3001 primarily attack the actions of his former employer, an issue that effects only him, not the public at large.  This is evidenced by his request for relief.  He seeks only redress for himself.

Plaintiff has failed to state a claim for retaliation for the exercise of his rights under the First Amendment since he cannot establish that the speech in which he engaged was a matter of public concern.  Therefore, this claim should be dismissed.

IV.     CONCLUSION

Plaintiff cannot prevail on a claim that Defendants violated his Due Process rights because he has an adequate state remedy for his failure to obtain the position of paralegal. Moreover, to grant the relief that Plaintiff seeks in Count II would effectively control the actions of the State. As such, this claim is barred by the doctrine of sovereign immunity and Count II should be dismissed.     With regard to his allegations in Count III, in contravention to the requirements for bringing suit under 42 U.S.C. 1983, Plaintiff has failed to identify a constitutional right of which Defendants deprived him.   Lastly, the suit filed by Plaintiff with this Court in January of 2005 does not constitute speech on a matter of public concern.  Therefore, it is not protected speech under the First Amendment.  Plaintiff cannot state a cause of action for retaliation and Count III should also be dismissed.

Respectfully submitted,

SANDI IVEMEYER, JONI STAHLMAN,
PAM JURKOSHEK, ROGER WALKER, JR.,
SALVADOR GODINEZ, DENNIS COOPER,
RANDALL TAYLOR, and MICHAEL RUMMAN,

Defendants,

LISA MADIGAN, Attorney General,
State of Illinois,

Attorney for Defendants,

s/ Ericka Sanders
Ericka Sanders, Attorney Bar #6256622
Assistant Attorney General
500 South Second Street
Springfield, IL   62706
Phone: (217) 782-9056
Fax: (217) 782 -8767

9

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| KEVIN DOWNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No.  05-3243 |
| | ) | |
| SANDI IVEMEYER, JONI STAHLMAN, | ) | |
| PAM JURKOSHEK, ROGER WALKER, JR., | ) | |
| SALVADOR GODINEZ, DENNIS COOPER, | ) | |
| RANDALL TAYLOR, and MICHAEL RUMMAN, | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on December 9, 2005, I electronically filed a Memorandum in Support of Defendants' Motion to Dismiss Counts II and III of Plaintiff's Complaint, with the Clerk of the Court using the CM/ECF system which will send notification of such filings to the following:

John Kerley at LawyerJohn@aol.com

Respectfully submitted,

s/ Ericka Sanders
Ericka Sanders, Attorney Bar #6256622
Attorney for Defendants
Assistant Attorney General
500 South Second Street
Springfield, IL   62706
Phone: (217) 782-9056
Fax: (217) 782 -8767
E-Mail: esanders@atg.state.il.us