E-FILED
Friday, 09 December, 2005 04:22:21 PM
Clerk, U.S. District Court, ILCD

E-FILED
Tuesday, 04 January, 2005 04:28:33 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

FILED
JAN 0 3 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| KEVIN DOWNEY,<br><br>        Plaintiff,<br><br>        v.<br><br>CHARLES SHONKWILER, PAM JURKOSHEK, ROBERTA FEWS, and MACON-PIATT REGIONAL OFFICE OF EDUCATION<br><br>        Defendants. | No.: 05-3001<br><br>JURY TRIAL DEMANDED |

### COMPLAINT

Now comes Plaintiff, Kevin Downey, by John E. Kerley of Kerley and Associates, P.C., and for his Complaint against Defendants, Charles Shonkwiler, Pam Jurkoshek, Roberta Fews, and Macon-Piatt Regional Office of Education, states as follows:

### JURISDICTION

1. This cause arises under 42 U.S.C. 1983, 1988 and jurisdiction of this Court arises under 28 U.S.C. 1343.

### PARTIES

2. Plaintiff, Kevin Downey, is an adult male who at all times relevant was and is a resident of the State of Illinois.

3. Defendant, Charles Shonkwiler ("Shonkwiler") is an adult male resident of the State of Illinois, and at all times relevant hereto was the regional superintendent of schools of the Macon-Piatt Regional Office of Education.

-1-

4. Defendant, Pam Jurkoshek ("Jurkoshek") is an adult resident of the State of Illinois and at all relevant times was the coordinator of the Macon Corrections Special Education ("MCSED").

5. Defendant, Roberta Fews ("Fews") is an adult resident of the State of Illinois, and at all relevant times was the deputy director of the Illinois Department of Corrections.

## FACTUAL BACKGROUND

6. Plaintiff began his employment with MCSED on or about June 16, 2003 as a resource specialist-GED tester.

7. There is nothing in the job duties of Plaintiff's position that made or makes political considerations a requisite for the position.

8. On or about May 26, 2004 Plaintiff's employment with MCSED was terminated on a political basis by the Defendants.

## PLAINTIFF'S CLAIMS

### COUNT I

9. At all times relevant hereto Plaintiff had the right to freedom of association as guaranteed him by the First Amendment to the United States Constitution as applied to the States through the Fourteenth Amendment.

10. The Defendants' termination of Plaintiff from his position at MCSED on a political basis violated Plaintiff's rights as guaranteed him by the First Amendment to the United States Constitution.

11. Defendants acted under color of state law.

12. As a result of Plaintiff's termination and the denial of the position he held in MCSED, Plaintiff has suffered loss of wages and other fringe benefits in an amount of not less than Four Thousand Eight Hundred Forty Dollars ($4,840.00) per month; he has also suffered stress, tension, humiliation, injury to reputation, interference with future earning capacity, and the inability to pursue his chosen career, wherefore, Plaintiff is entitled to damages in the amount of Five Hundred Thousand Dollars ($500,000.00).

13. The termination of Plaintiff's employment and denial of his position in MCSED was done in knowing violation of Plaintiff's rights as protected by the First and Fourteenth Amendments to the United States Constitution or with reckless disregard of said rights, wherefore, Plaintiff is entitled to punitive damages in the amount of Five Hundred Thousand Dollars ($500,000.00).

14. This Court should enter an injunction requiring Defendants to restore Plaintiff to his position with MCSED.

WHEREFORE, Plaintiff, Kevin Downey, respectively prays that this Court will grant him compensatory and punitive damages in an amount not less than One Million Dollars ($1,000,000.00)plus reasonable attorneys fees and costs incurred in this cause, and for such other relief as this Court deems just. Further, Plaintiff prays for injunctive relief in the form of an order returning

Plaintiff to his position with MCSED and from taking any further action in retaliation for the Plaintiff's protection of his civil rights in this cause.

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL CLAIMS.

### COUNT II

Defendant Macon-Piatt Regional Office of Education contracts with the Illinois Department of Corrections, School District 428, to administer education programming for incarcerated inmates.

15. The Macon-Piatt Regional Office of Education is an entity which has been contracted by the Illinois Department of Corrections to provide educational programming to inmates incarcerated in the Illinois Department of Correction System.

16-20.   Plaintiff repeats and realleges paragraphs 1 through 5 as and for paragraphs 16 through 20 as if fully set forth herein at this point.

21. Plaintiff entered into an employment contract with the Macon Piatt-Regional Office of Education that ran from the period of July 1, 2003 to June 30, 2004 (the "contract"). A copy of the contract is attached hereto as Exhibit A.

22. The MCSED employee handbook was attached to and made part of the contract. A copy of the handbook is attached hereto as Exhibit B.

23. According to the handbook, the contract was subject to renewal provided the Illinois Department of Corrections continued

funding for Plaintiff's position, Plaintiff's work performance was satisfactory, and Plaintiff possessed appropriate certification for his position. This created in Plaintiff a reasonable expectation the contract would be renewed if the three aforementioned conditions were met.

24. The three conditions set forth in the handbook were met. Nevertheless, Defendants failed and refused to renew Plaintiff's contract and thereby breached the terms thereof.

25. Plaintiff performed all provisions of the contract required of him.

WHEREFORE, Plaintiff prays for judgment against Defendants Macon-Piatt Regional Office of Education and Charles Shonkwiller in an amount not less than Four Thousand Eight Hundred Forty Dollars ($4,840.00) per month plus fringe benefits, attorney's fees, and costs of suit.

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS.

### COUNT III

26 - 30. Plaintiff repeats and realleges paragraphs 1 through 5 as and for paragraphs 26 through 30 as if fully set forth herein at this point.

31 - 33. Plaintiff repeats and realleges paragraphs 21 through 23 as and for paragraphs 31 through 33 as if fully set forth herein at this point.

34. Defendants Shonkwiler, Jurkoshek and Fews knew Plaintiff

-5-

had a reasonable expectation of continued employment pursuant to the terms of the contract with MCSED.

35. Defendants Shonkwiler, Jurkoshek and Fews purposefully and in a conspired manner interfered with the renewal of the contract and thereby prevented the contract from being renewed.

36. As a direct result of Defendant's interference with renewal of the contract Plaintiff has been damaged and suffered loss of wages and other fringe benefits in an amount not less than Four Thousand Eight Hundred Forty Dollars ($4,840.00) per month; he has also suffered stress, tension, humiliation, injury to reputation, interference with future earning capacity and the inability to pursue his chosen career, wherefore, Plaintiff is entitled to damages in an amount of Five Hundred Thousand Dollars ($500,000.00).

37. Defendants interference with Plaintiff's employment was willful, wanton, and malicious and in knowing violation of Plaintiff's rights, wherefore, Plaintiff is entitled to punitive damages in the amount of Five Hundred Thousand Dollars ($500,000.00).

WHEREFORE, Plaintiff, Kevin Downey, respectively prays that this Court will grant him compensatory and punitive damages in an amount not less than One Million ($1,000,000.00) plus reasonable attorney's fees and costs incurred in this cause against defendants Shonkwiller, Fews, and Jurkoshek.

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS.

Kevin Downey, Plaintiff

By: _____
John E. Kerley, his attorney

Kerley & Associates, P.C.
John E. Kerley
Reg. #06201458
993 Clocktower Drive, Suite D
Springfield, Illinois 62704
Tele: (217) 698-0007
Fax:  (217) 726-0006