IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| KEVIN DOWNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 05-3243 |
| | ) | |
| SANDI IVEMEYER, JONI STAHLMAN, | ) | |
| PAM JURKOSHEK, ROGER WALKER, JR., | ) | |
| SALVADOR GODINEZ, DENNIS COOPER, | ) | |
| RANDALL TAYLOR, and MICHAEL RUMMAN, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' ANSWER
### TO COUNT I OF PLAINTIFF'S COMPLAINT

Now come Defendants, DENNIS COOPER, SALVADOR GODINEZ, SANDI IVEMEYER, MICHAEL RUMMAN, JONI STAHLMAN, RANDALL TAYLOR, and ROGER WALKER, JR., by and through their attorney, Lisa Madigan, Attorney General of the State of Illinois, and hereby answer Count I of Plaintiff's Complaint as follows:

### JURISDICTION

1.   Defendants admit that Plaintiff purports to invoke the jurisdiction of this Court pursuant to 42 U.S.C. 1983, 1988 and 28 U.S.C. 1343 and 1376(a), but deny that Plaintiff has any meritorious claim thereunder in law or in fact.

### PARTIES

2.   Defendants admit that Plaintiff is an adult male, but lack sufficient knowledge to either admit or deny the remaining allegations in paragraph 2.

3.   Defendants admit that Plaintiff purports to sue Defendant Ivememyer in her individual and official capacity. Defendants admit the remaining allegations in paragraph 3.

4.   Defendants admit that Plaintiff purports to sue Defendant Stahlman in her individual and official capacity. Defendants admit the remaining allegations in paragraph 4.

5. Defendants admit that Plaintiff purports to sue Defendant Jurkoshek in her individual and official capacity. Defendants admit the remaining allegations in paragraph 5.

6. Defendants admit that Plaintiff purports to sue Defendant Roger Walker, Jr., in his individual and official capacity. Defendants admit the remaining allegations in paragraph 6.

7. Defendants admit that Plaintiff purports to sue Defendant Gozinez in his individual and official capacity. Defendants admit the remaining allegations in paragraph 7.

8. Defendants admit that Plaintiff purports to sue Defendant Cooper in his individual and official capacity. Defendants admit the remaining allegations in paragraph 8.

9. Defendants admit that Plaintiff purports to sue Defendant Taylor in his individual and official capacity. Defendants admit the remaining allegations in paragraph 9.

10. Defendants admit that Plaintiff purports to sue Defendant Rumman in his individual and official capacity. Defendants admit the remaining allegations in paragraph 10.

## STATEMENT OF FACTS

11. Defendants admit the allegations contained in paragraph 11, but deny that any act taken on their part resulted in the violation of Plaintiff's constitutional rights.

12. Defendants admit the allegations in paragraph 12.

13. Defendants deny that Plaintiff was terminated from his position with MCSED. Defendants admit the remaining allegations in paragraph 13.

14. Defendants admit the allegations in paragraph 14.

15. Defendants deny the allegations in paragraph 15.

16. Defendants admit the allegations in paragraph 16.

17. Defendants admit that Plaintiff was informed that he would not be eligible for the paralegal position due to one or more negative employment references. Defendants deny the remaining allegations in paragraph 17.

18. Defendants deny the allegations in paragraph 18.

19.   Defendants deny the allegations in paragraph 19.

**AFFIRMATIVE DEFENSES**

1.   At all times relevant herein, Defendants acted in good faith in the performance of their official duties and without violating Plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have known. Defendants are therefore protected from suit by the doctrine of qualified immunity.

2.   Defendants are not liable because they would have made the same employment decisions regardless of Plaintiff's political affiliation.

3.   To the extent that Plaintiff seeks relief for a past wrong, rather than for prospective equitable relief for an ongoing violation, Plaintiff's claims are barred by the Eleventh Amendment.

WHEREFORE, Defendants respectfully request that this Honorable Court deny the relief that Plaintiff requests in his Complaint and enter judgment in favor of Defendants.

Respectfully submitted,

SANDI IVEMEYER, JONI STAHLMAN,
PAM JURKOSHEK, ROGER WALKER, JR.,
SALVADOR GODINEZ, DENNIS COOPER,
RANDALL TAYLOR, and MICHAEL RUMMAN,

Defendants,

LISA MADIGAN, Attorney General,
State of Illinois,

  s/ Ericka Sanders
Ericka Sanders, Attorney Bar #6256622
Attorney for Defendants
Assistant Attorney General
500 South Second Street
Springfield, IL   62706
Phone: (217) 782-9056
Fax: (217) 782 -8767
E-Mail: esanders@atg.state.il.us

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | |
|---|---|
| KEVIN DOWNEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | No. 05-3243 |
| ) | |
| SANDI IVEMEYER, JONI STAHLMAN, ) | |
| PAM JURKOSHEK, ROGER WALKER, JR., ) | |
| SALVADOR GODINEZ, DENNIS COOPER, ) | |
| RANDALL TAYLOR, and MICHAEL RUMMAN, ) | |
| ) | |
| Defendants. ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on December 9, 2005, I electronically filed Defendants' Answer to Count I of Plaintiff's Complaint, with Affirmative Defenses, with the Clerk of the Court using the CM/ECF system which will send notification of such filings to the following:

John Kerley at LawyerJohn@aol.com

Respectfully submitted,

  s/ Ericka Sanders
Ericka Sanders, Attorney Bar #6256622
Attorney for Defendants
Assistant Attorney General
500 South Second Street
Springfield, IL  62706
Phone: (217) 782-9056
Fax: (217) 782 -8767
E-Mail: esanders@atg.state.il.us