IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| KEVIN DOWNEY,<br><br>    Plaintiff,<br><br>        v.<br><br>SANDI IVEMEYER, JONI STAHLMAN, PAM JURKOSHEK, ROGER WALKER, JR., SALVADOR GODINEZ, DENNIS COOPER, RANDALL TAYLOR, and MICHAEL RUMMAN,<br><br>    Defendants. | No.: 05-SC-3243 |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS COUNTS II AND III OF PLAINTIFF'S COMPLAINT**

Now comes Plaintiff, Kevin Downey, by John E. Kerley of Kerley & Associates, P.C., and for his Response to the Defendants' Rule 12(b)(6) Motion to Dismiss Counts II and III of his Complaint, and states as follows:

1. With regard to Count II Defendants concede that Plaintiff would be entitled to pursue state remedies via a petition for mandamus. Consequently, Plaintiff agrees that Count II should be dismissed.

2. Defendants are not correct in their analysis regarding Count III. The gist of Count III is that Defendants refused to hire Mr. Downey for the paralegal position because of his party affiliation and because he previously filed a lawsuit asserting he was denied certain constitutional rights. He has sufficiently

alleged a retaliation claim. A retaliation claim has three elements. They are as follows:

> 1. That the Plaintiff engaged in protected activity;
>
> 2. That the Plaintiff suffered an adverse employment action; and
>
> 3. That a causal link exists between the protected expression and the adverse employment action. (*Salvato v. Illinois Department of Human Rights*, 153 Fed.3d 922, 924 (7th Cir. 1998).

3. Surely the Defendants would not claim that filing a lawsuit or being affiliated with a particular party are not protected activities. Plaintiff has also alleged that he suffered an adverse employment action as a result of engaging in the protected activity. (He claims that he was not hired for the job that should have been given to him). Finally, Defendants sufficiently alleges a causal link between the first two elements. Plaintiff is challenging the application of governmental rules that required the Defendants to give him the paralegal position he claims he was entitled to. These types of retaliation cases are permitted. *Grossbaum v. Indianapolis-Marion County Building Authority*, 100 Fed.3d 1287 (7th Cir. 1996).

4. It does not matter whether the other lawsuit Mr. Downey filed raised issues of public concern or not. By using the public concern analysis Defendants are demonstrating their misunderstanding as to what Plaintiff's claim is all about. The

cases cited by Defendants simply do not address the issues that are raised in Plaintiff's Complaint.

5.  Consequently, Defendants' Motion to Dismiss should be denied.  Alternatively, if the Court believes that Plaintiff has not adequately stated a retaliation claim then Plaintiff should be allowed to file an Amended Complaint.

WHEREFORE, Plaintiff, Kevin Downey, prays for an Order denying Defendants' Motion to Dismiss Count III, or alternatively, that he be allowed to file an Amended Retaliation Claim.

                                  Kevin Downey, Plaintiff

                              By:     /s/ John E. Kerley
                                  John E. Kerley, his attorney

Kerley & Associates, P.C.
John E. Kerley
Reg. #06201458
2131 W. White Oaks Dr., Suite B-2
Springfield, Illinois 62704
Tele: (217) 698-0007
Fax:  (217) 726-0006

**PROOF OF SERVICE**

    I hereby certify that on January 20, 2006, I electronically filed the foregoing Plaintiffs' Response to the Defendants' Rule 12(b)(6) Motion to Dismiss Counts II and III of Plaintiff's Complaint with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

    esanders@atg.state.il.us

                          Respectfully submitted

                          /s/ John E. Kerley

                        John E. Kerley, Attorney for Plaintiff
John E. Kerley
Kerley & Associates, P.C.
Reg. #6201458
2131 West White Oaks Drive, Suite B-2
Springfield, Illinois 62704
Tele: (217) 698-0007
Fax:  (217) 726-0006
LawyerJohn@aol.com

4