E-FILED
Tuesday, 28 February, 2006  09:24:50 AM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | | |
|---|---|---|
| KEVIN DOWNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  05-3243 |
| | ) | |
| SANDI IVEMEYER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendants' Dennis Cooper, Salvador Godinez, Sandi Ivemeyer, Michael Rumman, Joni Stahlman, Randall Taylor, and Roger Walker Jr.'s (Moving Defendants) Motion to Dismiss Count II and Count III of Plaintiff's Complaint (d/e 4).  Downey concedes that Count II fails to state a claim.  For the reasons set forth below, Count III also fails to state a claim.  The Motion is therefore allowed.

## STATEMENT OF FACTS

Downey previously worked for the Macon Corrections Special Education District, providing services in the Illinois Department of Correction (IDOC) facilities.  He was not rehired when his contract ended.

1

He sued in this Court alleging that he was not rehired because of political considerations.  <u>Downey v. Shonkwiler</u>, Case No. 05-3001 (First Lawsuit).[1] Downey then applied for a paralegal position with the IDOC.  He was not hired for the position.  He further was told that he was removed from the list of persons eligible for such positions with the IDOC.

He then brought this action under 42 U.S.C. § 1983.  The Moving Defendants are all employees of IDOC.  Downey alleges in Count I that the Defendants refused to hire him, and removed him from the list of persons eligible to be hired for such positions, on a political basis in violation of his First Amendment rights.  He alleges in Count II that the Defendants denied him due process by failing to follow state law hiring procedures, including failing to give him the state veteran's preference.  He alleges in Count III that the Defendants refused to hire him and took him off the eligible list in retaliation for filing the First Lawsuit.  The Moving Defendants have moved to dismiss Count II and III.

---

[1]The Court may consider matters of public record, such as the pleadings in the First Lawsuit, when considering a motion to dismiss.  <u>Menominee Indian Tribe of Wisconsin v. Thompson</u>, 161 F.3d 449, 456 (7th Cir. 1998).

ANALYSIS

For purposes of the Motion, the Court must accept as true all well-pleaded factual allegations contained in the Complaint and draw all inferences in the light most favorable to Downey.  Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court, Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996).  Counts II and III of the Complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Downey can prove no set of facts that would entitle him to relief.  Doherty v. City of Chicago, 75 F.3d 318, 322 (7th Cir. 1996).

Downey concedes that Count II fails to a state claim.  The Seventh Circuit has already determined that a job applicant's due process rights are not violated because of a failure to follow state law hiring procedures, including a failure to give a state-law veteran's preference.  Veterans Legal Defense Fund v. Schwartz, 330 F.3d 937, 939 (7th Cir. 2003).

Count III alleges that the Defendants refused to hire him in retaliation for exercising his constitutional rights by filing the First Lawsuit.  This claim must be analyzed under First Amendment principles.  Zorzi v. County of

<u>Putnam</u>, 30 F.3d 885, 896 (7th Cir. 1994).[2]  Because the matter involves public employment, Downey may only state a claim for retaliation if the protected activity of filing the First Lawsuit involved a matter of public concern.  <u>Id.</u>  The Court must look at the content, form and context of the claims in the First Lawsuit to determine whether Downey's speech in that lawsuit involved a matter of public concern.  <u>Id.</u>

Downey alleged in the First Lawsuit that he lost his position because of political considerations.  He does not allege that he spoke out against improper conduct by his employer that would affect the public generally, only that he was fired.  His speech only addresses the effect of his employer's actions on him personally.  He only seeks his job back.  Employee speech, such as Downey's, that is directed at purely personal matters, does not involve matters of public concern.  <u>See</u> <u>Anderer v. Jones</u>, 385 F.3d 1043, 1053 (7th Cir. 2004); <u>Yatvin v. Madison Metropolitan School Dist.</u>, 840 F.2d 412, 420 (7th Cir. 1988).  Because the claims in the

---

[2]The facts alleged are quite similar to those in <u>Zorzi</u>.  Like Downey, Kathryn Zorzi was fired from her public employment with Putnam County.  She also filed suit alleging that she was discriminated against for exercising her First Amendment rights.  <u>Zorzi</u>, 30 F.3d at 890.  Like Downey, she applied for another job with a public employer while the suit was pending, and, like Downey, she was not hired.  She amended her complaint to add a count alleging that she was not hired the second time in retaliation for exercising her constitutional rights by filing her lawsuit.  The Seventh Circuit determined that this type of claim must be analyzed under First Amendment principles.  <u>Id.</u> at 896.

First Lawsuit did not involve a matter of public concern, Downey cannot assert a First Amendment retaliation claim. <u>Zorzi</u>, 30 F.3d at 896.  Count III is dismissed.

Downey asks for leave to re-plead Count III.  Amendments to pleadings should be freely given, but, the Court may deny a party's request to make a futile amendment.  <u>Fed. R. Civ. P.</u> 15(a); <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).  In this case, Downey cannot assert a constitutional retaliation claim because the claim must be analyzed under First Amendment principles.  <u>Zorzi</u>, 30 F.3d at 896.  Under those principles, Downey can only state a claim if his protected activity involved a matter of public concern.  That required element does not exist here.  Attempting to amend to state a § 1983 retaliation claim would, therefore, be futile.  The Court denies Downey's request for leave to re-plead his § 1983 retaliation claim.

THEREFORE, the Moving Defendants' Motion to Dismiss Count II and Count III of Plaintiff's Complaint (d/e 4) is ALLOWED.  The claims against Defendants Dennis Cooper, Salvador Godinez, Sandi Ivemeyer, Michael Rumman, Joni Stahlman, Randall Taylor, and Roger Walker Jr. in Counts II and III are dismissed.

IT IS THEREFORE SO ORDERED.

ENTER:   February 28, 2006.

FOR THE COURT:

_____ s/  Jeanne E. Scott _____
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE