IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

KEVIN DOWNEY,

PLAINTIFF,

v.                                          No. 05-3243

SANDI IVEMEYER, JONI STAHLMAN
PAM JURKOSHEK, ROGER WALKER,
JR., SALVADOR GODINEZ, DENNIS
COOPER, RANDALL TAYLOR and
MICHEAL RUMMAN,

DEFENDANT.

## DEFENDANT PAM JURKOSHEK'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

NOW COMES the Defendant, PAM JURKOSHEK, by Dennis L. Weedman of ROBBINS, SCHWARTZ, NICHOLAS, LIFTON & TAYLOR, LTD., and pursuant to the provisions of Fed. R. Civ. P. 12(b)(6) hereby moves that that this Honorable Court dismiss Plaintiff's Complaint against her; and in support thereof states as follows:

1. On September 8, 2005, Plaintiff filed a three count complaint pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988.

2. Count I of Plaintiff's Complaint alleges a violation of his freedom of speech and freedom of association as guaranteed by the First and Fourteenth Amendments to the U.S. Constitution. Plaintiff claims that Defendants' decision not to hire him and his removal from a position eligibility list was made on a political basis.

3. Count II of Plaintiff's Complaint alleges that Defendants removed him from list of eligible candidates for hire and failed to grant him preferential hiring status due to his status as a

military veteran in violation of state law, 20 ILCS 415/8b.4; 20 ILCS 415/8b.5; 20 ILCS 415/8b.7, without due process in violation of the Fourteenth Amendment to the U.S. Constitution.

4. Count III of Plaintiff's Complaint alleges that Defendants conspired and interfered with his placement as a paralegal in retaliation for filing Case No. 05-3001. Plaintiff claims that Defendants attempted to cover-up their actions by relying upon a negative employment reference they knew to be false and untrue.

5. That Plaintiff has not stated a cause of action against Defendant Jurkoshek in Count I for which any relief can be awarded. Plaintiff has pled in Count I, ¶5 that Defendant Jurkoshek was at all relevant times hereto the Coordinator for Macon Corrections Special Education (hereinafter "MCSED"). The remaining Defendants were at all relevant times hereto employees or officers of the IDOC, (Count I, ¶¶ 3, 4, 6, 7, 8, 9), with the exception of Michael Rumman, who was the Director of the Illinois Department of Central Management Services (Count I, ¶10).

The Court can take special notice from matters of public record in other cases. *Menominee Indian Tribe of Wisconsin v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998). The public record in Case No. 05-3001 establishes that MCSED is a subsidiary of the Macon-Piatt Regional Office of Education (hereinafter "ROE"). The public record in that case also establishes that the ROE is a vendor to the IDOC and supplies IDOC with special education staff and services on behalf of a written agreement between the two entities. Finally, the public record in Case No 05-3001 establishes that Defendant Jurkoshek is an employee of the Macon-Piatt Regional Office of Education, and not the IDOC.

Plaintiff claims in Count I that he was not hired for a paralegal position with the Illinois Department of Corrections (hereinafter "IDOC") and was removed from an IDOC list of eligible

2

hires because of political considerations. There is no basis to conclude in Count I that as an employee of a vendor to IDOC, Defendant Jurkoshek had anything to do with IDOC's actions in removing Plaintiff from a position eligibility list and for failing to hire him sufficiently to impose liability on her own behalf.

Absent from Count I is even the allegation that Defendant Jurkoshek played any role in the decision to remove Plaintiff from IDOC's eligibility list and IDOC's decision not to hire him. All that can be inferred from Plaintiff's Complaint is that possibly Defendant Jurkoshek, as Coordinator for Plaintiff's previous employer, is being accused of providing a "negative employment reference" to IDOC, since it is alleged that Defendants determined Plaintiff to be ineligible for a position with IDOC "due to one or more negative employment references and/or an unsatisfactory pre-employment investigation." (Count I, ¶17). Even if Plaintiff could link such allegations to Jurkoshek, they hardly impose liability under 42 U.S.C. §1983, especially since it is also alleged therein that Defendants knew the negative employment reference to be erroneous and/or untrue (Count I, ¶17). A negative job reference alone does not constitute an adverse employment action under 42 U.S.C. §1983 sufficient enough to impose constitutional liability. *Siegert v. Gilley*, 500 U.S. 226, 233, 111 S.Ct. 1789, 1794 (1991); citing, *Paul v. Davis*, 424 U.S. 693; 96 S.Ct. 1155 (1976). Even if the Court were to find that such actions could lead to liability, such liability was not clearly established at the time of commission, entitling Defendant Jurkoshek to qualified immunity as a matter of law. *Siegert v. Gilley*, 500 U.S. 226, 233, 111 S.Ct. 1789, 1794 (1991); citing, *Paul v. Davis*, 424 U.S. 693; 96 S.Ct. 1155 (1976).

  6.  That Plaintiff has not stated a cause of action against Defendant Jurkoshek in Count II for which relief can be awarded. It is well settled in the Seventh Circuit that a job applicant's due

process rights are not violated because of a failure to follow state law hiring procedures, including state veteran preference laws. *Veterans Legal Defense Fund v. Schwartz*, 330 F.3d 937, 939 (7th Cir. 2003).

7. That Plaintiff has not stated a cause of action against Defendant Jurkoshek in Count III for which relief can be awarded. Plaintiff's lawsuit in Case No. 05-3001 does not involve a matter of public concern affording Plaintiff First Amendment protection and must be dismissed as a matter of law. *Anders v. Jones*, 385 F.3d 1043, 1053 (7th Cir. 2004); *Yatvin v. Madison Metropolitan School District*, 840 F.2d 412, 420 (7th Cir. 1988).

**WHEREFORE**, for all of the reasons stated herein, Plaintiff has not alleged a claim sufficient to state a cause of action against Defendant Pam Jurkoshek, and, consequently, Defendant respectfully requests this Honorable Court, as a matter of law, to dismiss Plaintiff's Complaint against her.

Respectfully submitted,

/s/ Dennis L. Weedman
Dennis L. Weedman, Attorney Bar #6217020
Attorney for Defendant, Pam Jurkoshek
132 South Water St., Suite 420
Decatur, Illinois 62523
Phone: 217/428-2100
Fax: 217/428-2186
E-Mail: dweedman@rsn1t.com

4

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

KEVIN DOWNEY,            )
                         )
  PLAINTIFF,             )
                         )
v.                       )   No. 05-3243
                         )
SANDI IVEMEYER, JONI STAHLMAN )
PAM JURKOSHEK, ROGER WALKER, )
JR., SALVADOR GODINEZ, DENNIS )
COOPER, RANDALL TAYLOR and )
MICHEAL RUMMAN,          )
                         )
  DEFENDANT.             )

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
PAM JURKOSHEK'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT**

NOW COMES the Defendant, PAM JURKOSHEK, by Dennis L. Weedman of ROBBINS, SCHWARTZ, NICHOLAS, LIFTON & TAYLOR, LTD., and in support of her Motion to Dismiss, states as follows:

**I. INTRODUCTION**

On September 8, 2005, Plaintiff filed a three count complaint pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988. Count I of Plaintiff's Complaint alleges a violation of his freedom of speech and freedom of association as guaranteed by the First and Fourteenth Amendments to the U.S. Constitution. Plaintiff claims that Defendants' decision not to hire him and his removal from a position eligibility list was made on a political basis. Count II of Plaintiff's Complaint alleges that Defendants removed him from list of eligible candidates for hire and failed to grant him preferential hiring status due to his status as a military veteran in violation of state law, 20 ILCS 415/8b.4; 20 ILCS 415/8b.5; 20 ILCS 415/8b.7, without due process in violation of the Fourteenth Amendment to

the U.S. Constitution. Count III of Plaintiff's Complaint alleges that Defendants conspired and interfered with his placement as a paralegal in retaliation for filing Case No. 05-3001. Plaintiff claims that Defendants attempted to cover-up their actions by relying upon a negative employment reference they knew to be false and untrue.

## II. FACTS

Defendant Jurkoshek was at all relevant times hereto the Coordinator for Macon Corrections Special Education (hereinafter "MCSED") (Count I, ¶5). The remaining Defendants were at all relevant times hereto employees or officers of the Illinois Department of Corrections (hereinafter "IDOC") (Count I, ¶¶ 3, 4, 6, 7, 8, 9), with the exception of Michael Rumman, who was the Director of the Illinois Department of Central Management Services (Count I, ¶10).

The Court can take special notice from matters of public record in other cases. *Menominee Indian Tribe of Wisconsin v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998). The public record in Case No. 05-3001 establishes that MCSED is a subsidiary of the Macon-Piatt Regional Office of Education (hereinafter "ROE"). The public record in that case also establishes that the ROE is a vendor to the IDOC and supplies IDOC with special education staff and services on behalf of a written agreement between the two entities. Finally, the public record in Case No 05-3001 establishes that Defendant Jurkoshek is an employee of the Macon-Piatt Regional Office of Education, and not the IDOC.

## III. ARGUMENT

A. **Rule 12(b)(6) Standard**

When considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the court examines the sufficiency of the complaint, not the merits of the lawsuit. *Triad*

*Assocs. v. Chicago Housing Authority*, 892 F.2d 583 (7th Cir. 1989), *cert. denied*, 498 U.S. 485 (1990). The court assumes as true all well pled facts, plus any reasonable inferences there from, and construes them in a light most favorable to the plaintiff. The question is whether, under those assumptions, the plaintiff would have a right to legal relief. *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998). A motion to dismiss will be granted only if the court finds that the plaintiff can prove no set of facts that would entitle him to relief. *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 432 (7th Cir. 1993). For the reasons to be set-forth herein, Plaintiff's claim against Defendant Jurkoshek is deficient, and, as a matter of law, Defendant is entitled to dismissal as a matter of law.

**B.  Defendant Jurkoshek was not personally responsible for the alleged deprivation of Plaintiffs' constitutional rights and is without liability.**

Plaintiff claims in Count I that he was not hired for a paralegal position with the Illinois Department of Corrections (hereinafter "IDOC" and was removed from an IDOC list of eligible hires because of political considerations. There is no basis to conclude in Count I that as an employee of a vendor to IDOC, Defendant Jurkoshek had anything to do with IDOC's actions in removing Plaintiff from a position eligibility list and for failing to hire him sufficiently to impose liability on her own behalf. Moreover, because Defendant Jurkoshek is an employee of a vendor to IDOC and has no claimed authority in the hiring process for the State of Illinois, the alleged unlawful basis for not hiring Plaintiff, i.e., political basis, should not be imputed to Jurkoshek.

Noticeably absent from Count I is even the allegation that Defendant Jurkoshek played any role in the decision to remove Plaintiff from IDOC's eligibility list and IDOC's decision not to hire him. All that can be inferred from Plaintiff's Complaint is that possibly Defendant Jurkoshek, as

3

Coordinator for Plaintiff's previous employer, is being accused of providing a "negative employment reference" to IDOC, since it is alleged that Defendants determined Plaintiff to be ineligible for a position with IDOC "due to one or more negative employment references and/or an unsatisfactory pre-employment investigation." (Count I, ¶17). Even if Plaintiff could link such allegations to Jurkoshek, they hardly impose liability under 42 U.S.C. §1983, especially since it is also alleged therein that Defendants knew the negative employment reference to be erroneous and/or untrue (Count I, ¶17). A negative job reference alone does not constitute an adverse employment action under 42 U.S.C. §1983 sufficient enough to impose constitutional liability. *Siegert v. Gilley*, 500 U.S. 226, 233, 111 S.Ct. 1789, 1794 (1991); citing, *Paul v. Davis*, 424 U.S. 693; 96 S.Ct. 1155 (1976).

Courts have been reluctant to declare that individuals have a property or liberty interest in their reputation within the meaning of the due process clause sufficiently to render defamation a constitutional tort. *Hojnacki v. Klein-Acosta*, 285 F.3d 544 (7th Cir. 2002); citing, *Siegert v. Gilley*, 500 U.S. 226, 233, 111 S.Ct. 1789, 1794 (1991); *Paul v. Davis*, 424 U.S. 693; 96 S.Ct. 1155 (1976). However, courts have recognized that public employees possess a protectable liberty interest in not being discharged from their government employment while being defamed in such a way that they cannot get other government employment. *Hojnacki v. Klein-Acosta*, 285 F.3d 544 (7th Cir. 2002); citing, *Strasburger v. Bd. of Educ.*, 143 F.3d 351 (7th Cir. 1988). To prevail under a liberty cause of action, a discharged public employee must show that 1) he or she was stigmatized by the defendant's conduct, 2) the stigmatizing information was publicly disclosed, and 3) he or she suffered a tangible loss of other employment opportunities as a result of public disclosure. *Strasburger v. Bd. of Educ.*, 143 F.3d 351 (7th Cir. 1988). A termination is stigmatizing if it accompanies a public announced

4

reason that impugns the employee's moral character or implies dishonesty or other job-related moral turpitude. *Hedrich v. Board of Regents*, 274 F.3d 1174, 1184 (7th Cir. 2001).

Although recognizing the existence of a protectable liberty interest where stigmatizing public statements render an employee unemployable, courts have rarely extended such a liberty interest post-employment. In these cases, the plaintiff must demonstrate that the stigmatizing statements were made "in conjunction with" the employee's termination or separation. *Albamonte v. Bickley*, 573 F. Supp. 77 (N.D. Ill. 1983) (Allegedly stigmatizing statements in defendants' answers to interrogatories and letters contesting unemployment benefits sent after plaintiff's termination were not actionable, because they were not made in conjunction with plaintiff's loss of employment and did not contribute to his discharge.). Finally, in terms of post-employment liberty interests, courts are even more reluctant to expand such rights and find actionable someone else's decision not to hire a former employees because of alleged defamatory statements. *Albamonte v. Bickley*, 573 F. Supp. 77 (N.D. Ill. 1983) (Alleged defamatory information in personnel file did not give plaintiff cause of action against defendants for third party's decision not to offer him future employment.). Based upon the court's rationale in *Albamonte*, if in fact Plaintiff is claiming that Defendant Jurkoshek had anything to do with the "one or more negative employment references and/or an unsatisfactory pre-employment investigation", then he has failed to state a cause of action against Jurkoshek for which relieve can be granted as a matter of law.

Even if the Court were to find that Jurkoshek's actions in providing the allegedly negative job reference could lead to liability, such liability was not clearly established at the time of commission, entitling Defendant Jurkoshek to qualified immunity as a matter of law. *Siegert v. Gilley*, 500 U.S. 226, 233, 111 S.Ct. 1789, 1794 (1991); citing, *Paul v. Davis*, 424 U.S. 693; 96 S.Ct. 1155 (1976).

5

The doctrine of Qualified Immunity provides that governmental officials and employees performing discretionary functions are shielded from liability for civil monetary damages to the extent their conduct does not violate clearly established statutory or constitutional rights which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 802-803 (1982). This doctrine is designed in such a way to permit the resolution of many insubstantial claims on pre-trial motions and to avoid subjecting government officials and employees to the cost of trial. *McGrath v. Gillis*, 44 F.3d 567, 569 (7th Cir. 1995).

To defeat a claim of Qualified Immunity, a plaintiff must (1) adequately allege facts in the complaint, that if true, would constitute a violation of a constitutional right, and (2) demonstrate that the constitutional right was clearly established at the time of the alleged conduct. *Kiddy-Brown v. Blagojevich*, 408 F.3d 346 (7th Cir. 2005). Whether a right is clearly established is a question of law, the proof of which is the plaintiff's burden. *McGrath v. Gillis*, 44 F.3d 567. Even if the law is clearly established, an official or employee is afforded the protection of Qualified Immunity if at the time of the challenged actions his belief that his actions were lawful is "objectively reasonable". *Id.*; citing *Anderson v. Creighton*, 483 U.S. 635, 641 (1987). Courts, must, as a practical matter, inquire whether a reasonable official or employee would have understood that his actions were unlawful at the time he acted. *Stevens v. Umstead*, 131 F.3d 397 (7th Cir. 1997); citing *Anderson*. The subjective issue of what an official actually knew of the law at the time of the alleged incidents is not relevant to the inquiry. *Harlow*, at 817.

Notwithstanding the fact that the law did not clearly establish constitutional liability for the provision of an allegedly false job reference, certainly at the time Jurkoshek allegedly provided the job reference to IDOC a reasonable official would not have understood that his or her actions were

6

unconstitutional.

C. **A failure to follow state law hiring procedures does not violate federal due process protections.**

Plaintiff has not stated a cause of action against Defendant Jurkoshek in Count II for which relief can be awarded. It is well settled in the Seventh Circuit that a job applicant's due process rights are not violated because of a failure to follow state law hiring procedures, including state veteran preference laws. *Veterans Legal Defense Fund v. Schwartz*, 330 F.3d 937, 939 (7th Cir. 2003). Plaintiff conceded this argument in response to Co-Defendants' Motion to Dismiss, and the Court accepted this as the basis for dismissing Count II against them.

D. **Plaintiff has not successfully asserted a cause of action for violation of the First Amendment to the United States Constitution.**

That Plaintiff has not stated a cause of action against Defendant Jurkoshek in Count III for which relief can be awarded. Plaintiff claims he was removed from IDOC's position eligibility list and ultimately not hired in retaliation for filing a previous lawsuit against the parties in Case No. 05-3001. Because the matter involves public employment, Plaintiff may only state a cause of action for retaliation if the protected activity of filing the previous lawsuit involves a matter of public concern. *Zorzi v. County of Putnam*, 30 F.3d 885, 896 (7th Cir. 1994). The Court must look at the content, form and context of the claims in the previous lawsuit to determine if Plaintiff speech therein involves a matter of public concern.

Plaintiff's previous lawsuit only alleges he lost his position because of political considerations. His speech only addresses the effect of the defendants' actions on him personally, and does affect the public generally. Plaintiff seeks only the return to his position of employment. Employee speech directed at purely personal matters does not involve matters of public concern.

7

Consequently, because Plaintiff's lawsuit in Case No. 05-3001 does not involve matters of public concern affording Plaintiff First Amendment protection, the present case must be dismissed as a matter of law. *Anders v. Jones*, 385 F.3d 1043, 1053 (7th Cir. 2004); *Yatvin v. Madison Metropolitan School District*, 840 F.2d 412, 420 (7th Cir. 1988).

**WHEREFORE**, for all of the reasons stated herein, Plaintiff has not alleged a claim sufficient to state a cause of action against Defendant Pam Jurkoshek, and, consequently, Defendant respectfully requests this Honorable Court, as a matter of law, to dismiss Plaintiff's Complaint against her.

Respectfully submitted,

/s/ Dennis L. Weedman
Dennis Weedman, Attorney Bar #6217020
Attorney for Defendant, Pam Jurkoshek
132 South Water St., Suite 420
Decatur, Illinois 62523
Phone: 217/428-2100
Fax: 217/428-2186
E-Mail: dweedman@rsnlt.com

8

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

KEVIN DOWNEY,                    )
                                 )
         Plaintiff,              )
                                 )
    vs.                          )    NO. 05-3243
                                 )
SANDI IVEMEYER, JONI STAHLMAN,   )
PAM JURKOSHEK, ROGER WALKER,     )
JR., SALVADOR GODINEZ, DENNIS    )
COOPER, RANDALL TAYLOR and       )
MICHAEL RUMMAN,                  )
                                 )
         Defendants.             )

CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2006, I electronically filed on behalf of the Defendant, Pam Jurkoshek, a Motion to Dismiss Plaintiff's Complaint and Memorandum of Law in Support of Defendant Pam Jurkoshek's Motion to Dismiss Plaintiff's Complaint with the Clerk of the Court using the CM/ECF system which will send notification of such filings to the following:

John Kerley at LawyerJohn@aol.com
Ericka Sanders at esanders@atg.state.il.us

Respectfully submitted,

/s/ Dennis L. Weedman
Dennis Weedman, Attorney Bar #6217020
Attorney for Defendant, Pam Jurkoshek
132 South Water St., Suite 420
Decatur, Illinois 62523
Phone: 217/428-2100
Fax: 217/428-2186
E-Mail: dweedman@rsnlt.com